MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.

www.moodklaw.com

NEW YORK CITY OFFICE
*600 Third Avenue*
*Suite 1501*
*New York, NY 10016*
*(212) 967-0080 Fax: (212) 967-0082*

***Ann M. Nicholas***
Member NY Bar
(646) 454-4864
ANicholas@moodklaw.com

July 7, 2026

**VIA ELECTRONIC FILING:**

Hon. Philip M. Halpern
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

**Re: Liporace v. Fellowship of Christian Assemblies, et al.**
Case No. 7:26-cv-02626-PMH

Application denied. Defendant Fellowship of Christian Assemblies is advised that, pursuant to the Court's Individual Practices Rule 4(C), the "[t]ransmittal of a pre-motion letter for a proposed motion pursuant to Fed. R. Civ. P. 12(b) stays the time to answer or move to dismiss until further order of the Court."

Plaintiff is directed to respond to Defendant Fellowship of Christian Assemblies' letter-motion (Doc. 22) on or before July 14, 2026.

Defendants are also directed to file letters, not to exceed two pages, responding to Plaintiff's request to amend her complaint, (*see* Doc. 17), on or before July 14, 2026.

Furthermore, the pre-motion conference scheduled for July 28, 2026 is adjourned to August 19, 2026 at 12:00 p.m.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
July 8, 2026

Dear Honorab

Our of ... he abovementioned matter. Our r ... otion conference is scheduled for ... e to respond to the complaint be ... ves that a motion to dismiss is wa ... motion conference. This is defend ... mplaint. Defendant joins in and a ... 's prior pre-motion letter to the C ... ht herein.

**First** ...

Plainti ... each of them, and/or their agents, s ... 130 and 260 of the Penal Law o ... that their conduct constituted vi ... w Sections 130.00, 130.05, 130.2 ... 30.67, 130.70, and 260.10.

If plai ... te a cause of action pursuant to CPLR §213-c, it must be determined whether CPLR §213-c creates a separate cause of action or if the statute of limitations is extended for certain causes of action. If the Court agrees with the first interpretation, plaintiff's first cause of action should be dismissed concerning all Penal Law violations except for §130.50. If the Court agrees with the second interpretation, then

the cause of action for violations of the Penal Law should be dismissed as a standalone cause of action.

**Second Cause of Action – Negligence**

Plaintiff filed her Complaint on April 1, 2026. Plaintiff has not alleged any negligent acts or omissions of defendant that occurred after April 1, 2023. Pursuant to CPLR §214, the statute of limitations for personal injury negligence claims in New York is three years. Therefore, plaintiff's cause of action for negligence should be dismissed.

**Fourth Cause of Action – Negligent Infliction of Emotional Distress**

Pursuant to CPLR §214(5), the statute of limitations for negligent infliction of emotional distress ("NIED") is three years. Plaintiff's Complaint does not allege any negligent acts of defendant occurring after April 1, 2023. Therefore, plaintiff's cause of action for NIED should be dismissed.

Thank you for your time and attention to this matter.

Most respectfully,

**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**

**Ann M. Nicholas**